NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANGEL CONCEPCION, | |
| Plaintiff | CIV. NO. 21-8292 (RMB-AMD) |
| v. | **SUPPLEMENTAL OPINION** |
| OFFICER FIERRO, | |
| Defendant | |

**APPEARANCES:**

Angel Concepcion
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
      Plaintiff, *pro se*

Murianda L. Ruffin, Assistant County Counsel
Atlantic County Law Department
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401

RENÉE MARIE BUMB, Chief United States District Judge

## I.    INTRODUCTION

Plaintiff Angel Concepcion ("Plaintiff") initiated this action pro se by filing a civil rights complaint on April 5, 2021. (Docket No. 1). The operative complaint is the Second Amended Complaint, filed on May 5, 2022, against the sole remaining defendant, Officer Massimo Fierro. (Docket No. 49). Defendant filed a motion for summary judgment on September 1, 2022, asserting, *inter alia*, that Plaintiff failed to

exhaust administrative remedies on his claim against Officer Fierro before filing his civil rights complaint under 42 U.S.C. § 1983, and asserting absolute immunity over Plaintiffs' state law claims, pursuant to NJSA 59:5-2(b)(4). (Docket No. 58). Plaintiff filed a brief in opposition to summary judgment. (Docket No. 59). Defendant filed a reply brief. (Docket No. 61). Plaintiff filed a sur-reply brief. (Docket No. 67). Defendant responded to Plaintiff's sur-reply brief, and Plaintiff responded again. (Docket Nos. 68, 69). Defendant requested that the Court deem Plaintiff's December 6, 2022 opposition to Defendant's response to Plaintiff's sur-reply untimely and dismiss it. (ECF 70). Plaintiff responded that he did not receive his legal mail until November 27, 2022, and he responded within days. Although the Court does not typically accept sur-reply briefs filed without advance permission, *see* Local Civil Rule 7.1(d)(6), this Court will take the parties' sur-reply briefs and responses under consideration.

      Under the Prisoner Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). Defendant moved for summary judgment, asserting Plaintiff failed to exhaust administrative remedies prior to filing this suit. (Mot. for S. J., Docket No. 58.) This Court held a bench trial on exhaustion of administrative remedies on February 23, 2023, and granted Defendant's motion for summary judgment on Plaintiff's § 1983 claims, finding that Plaintiff failed to exhaust his administrative remedies. This Court now supplements the opinion to address the exhibits submitted by Plaintiff in support of

his argument that administrative remedies were unavailable to him. Furthermore, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and grant Defendant's motion for summary judgment.

## II.  THE TRIAL

Defendant called two witnesses, Michael R. Kelly, presently the Warden of Atlantic County Justice Facility ("ACJF"), who was Deputy Warden at the time of the alleged failure to protect Plaintiff from assault by other inmates on May 14, 2020, and Lieutenant Patrick Robinson, the highest ranking officer of Internal Affairs at ACJF. Plaintiff testified on his own behalf.

After hearing the testimony and reviewing the evidence submitted by the parties, this Court found Plaintiff's testimony not credible. Plaintiff testified that he knew the administrative grievance procedure well, and that he properly submitted inmate resolution and grievance forms about the May 14, 2020 incident alleged in the Second Amended Complaint, but those forms must have been thrown out by the officer(s) who received them because the grievances were never addressed or placed in Plaintiff's classification file. Plaintiff speculated that his grievances were thrown out by other officers to protect Officer Fierro from the claims Plaintiff was making against him.

Lieutenant Robinson testified that if an inmate believes staff is not addressing his grievance form or the inmate is having a problem with staff, the inmate can file a complaint with Internal Affairs or speak directly to Lieutenant Robinson. Plaintiff never spoke to Lieutenant Robinson about the incident alleged in the Second Amended Complaint. If an officer was found to have taken a document out of an inmate's

classification file without permission, there would be consequences, including possible termination. An officer would be disciplined if he/she denied an inmate his right to file an inmate request form or grievance.

### III.     SUPPLEMENT TO THE COURT'S RULING FROM THE BENCH

Plaintiff testified that he submitted four resolution forms and two grievances in this matter on or about May 15, 2020 through May 19, 2020, while in the high security area of the jail, I-left, where he was housed with Inmate Jeramy Thompson. Jeramy Thompson saw Plaintiff write four resolution forms, and later two grievances. The Court accepts that if Mr. Thompson was available to testify, he would have testified that he witnessed Plaintiff completing these forms. Plaintiff kept handwritten copies of the forms to keep for himself. He submitted the "originals" by slipping them under the door to whichever officer was working. Plaintiff testified that he could not produce the handwritten copies he had made for himself because staff lost his property. In support of this claim, Plaintiff submitted a missing property report from Sergeant Turnblom. (Exhibit Z, Docket No. 59 at 174.) Consistent with this Court's finding that Plaintiff's testimony was not credible, Plaintiff's explanation for his missing copies is likewise not credible because the property described in the report as missing did not include any paperwork or documents, only clothing and commissary items. (*See id.*)

Next, to establish how he was aware that the resolution forms and grievances he claimed to have submitted in this matter would not be in his classification file at the time he filed his civil rights complaint, Plaintiff offered inmate resolution forms regarding other matters, which were returned to him by officers without fully

4

processing them.  (Docket No. 59 at 54; Ex. A, Docket No. 59 at 64-68.)  This Court finds these forms are not relevant because the forms were returned to Plaintiff, most of which had been approved and Plaintiff was granted relief.  (*See id.*) This evidence does not support Plaintiff's claim that if officers did not like what an inmate was grieving about, they simply discarded the grievance forms, which then would not appear in his classification file.

If Plaintiff had found himself in the situation where his resolution and grievance forms were not returned to him and no action was taken, according to the testimony of Warden Kelly and Lieutenant Robinson, Plaintiff could have reported staff's misconduct directly to them. He did not do so here. Although this is not a requirement for exhaustion of administrative remedies, it further bolsters this Court's finding that Plaintiff is not credible in alleging staff simply threw away his resolution forms and grievances.  Plaintiff has extensive pro se litigation experience and was knowledgeable of the prison grievance procedures. For the reasons set forth on the record and here, this Court finds Plaintiff's testimony that he submitted the resolution and grievance forms before filing his civil rights complaint not credible.

## IV.     SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

Defendant seeks summary judgment on Plaintiff's state law claims based on absolute immunity under N.J.S.A. 59:5-2(b)(4).[1] (Docket No. 58-2 at 26.)  Plaintiff opposes summary judgment, arguing the willful misconduct exception to immunity is

---

[1] Pursuant to N.J.S.A. § 59:5-2(b)(4), "Neither a public entity nor a public employee is liable for … any injury caused by … a prisoner to any other prisoner."

applicable. (Docket No. 59 at 54-62.) This Court, however, has granted Defendant summary judgment on Plaintiff's federal claim(s) under 42 U.S.C. § 1983. "A district court 'may decline to exercise supplemental jurisdiction' over state law claims if it 'has dismissed all claims over which it has original jurisdiction[,]' unless considerations of judicial economy, convenience, or fairness to the parties provide an affirmative justification for exercising supplemental jurisdiction." *Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016) (quoting 28 1367(c)(3)). A state court with expertise on the immunity defense raised by Defendant in support of his motion for summary judgment on Plaintiff's state law claims is better suited to address Plaintiff's state law claims. Therefore, this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## V. CONCLUSION

For the reasons discussed above, this Court will grant Defendant's motion for summary judgment, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

An appropriate Order follows.

**Date: March 21, 2023**     s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge